IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLY KOBLITZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-1392-JTM |
| ) | |
| HOSPITAL DISTRICT # 6, HARPER ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for a protective order (Doc. 21) and plaintiffs' motion for an extension of time to file a response (Doc. 28). As explained in greater detail below, defendant's motion shall be GRANTED IN PART and plaintiffs' motion for an extension of time is MOOT.

### Background

Plaintiffs are former employees of Hospital District # 6. Highly summarized, plaintiff Shrock alleges that she was subjected to unwelcome and offensive sexual harassment while employed at the hospital and that the defendant retaliated against her for making complaints of sexual harassment. Plaintiff Moritz alleges that the hospital discharged her in retaliation for participating in the investigation of complaints concerning sexual harassment. Plaintiff

Koblitz alleges that she was subjected to sexual harassment in the workplace and that the working conditions at the hospital became so hostile and offensive that she was constructively discharged.[1] Defendant denies the allegations and contends that an investigation was conducted and remedial measures were implemented after complaints of sexual harassment were received in September 2003.

## Motion for Protective Order

The nature and extent of defendant's investigation and remedial efforts are contested issues in this case. In an effort to expedite discovery concerning defendant's internal investigation and remedial measures, plaintiffs served a "notice to take deposition" of Diane Worth, an attorney who apparently assisted with the investigation and remedial measures undertaken by the hospital before this lawsuit was filed. Ms. Worth also represents the hospital in this lawsuit and defendant moves for a protective order:  (1) quashing the deposition notice and (2) ordering that no deposition of defendant's counsel be taken.

In support of its motion, defendant argues that the deposition of opposing counsel is disruptive and plaintiffs must show that: "(1) no other means exist to obtain the information than to depose opposing counsel; ... (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). Defendant contends that plaintiffs cannot make

---

[1] The allegations of sexual harassment are based on the conduct and statements by a staff physician.

-2-

the required showing because plaintiffs have not exhausted other discovery efforts to secure the required information.

Acknowledging that the defendant has not yet responded to plaintiffs' interrogatories and production requests, plaintiffs move for an extension of time to respond to defendant's motion.[2] Plaintiffs propose that their response time be extended to a date *after* defendant provides written discovery answers and documents.[3] Under this approach, the information will either be (1) found in the written responses and no deposition will be necessary or (2) not available in which case the deposition will be necessary.[4] Defendant opposes the motion for an extension of time and renews its request for a protective order.

The court is satisfied that plaintiffs are *currently* unable to show that "no other means exist" to obtain the information; therefore, plaintiffs' deposition notice for Ms. Worth shall be quashed. However, the court rejects defendant's request that the court enter a protective order barring any future efforts to take Ms. Worth's deposition. After review of defendant's written discovery responses, plaintiffs may be able to show that the information sought is not available from other sources. Accordingly, this ruling is without prejudice to future efforts by plaintiffs to take Ms. Worth's deposition and a renewed motion for a protective order by

---

[2] Defendant's written discovery responses were originally due June 23, 2005 but plaintiffs agreed to defendant's request for an extension of time to July 5 to respond.

[3] Plaintiffs suggest that the response time be extended to August 19, 2005.

[4] The deposition was noticed for June 12, 2005. As a practical matter, plaintiff also concedes that the deposition cannot be taken "early in the course of discovery."

-3-

defendant.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order **(Doc. 21)** is **GRANTED IN PART** and the deposition notice for Diane Worth is quashed. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiffs' motion for an extension of time **(Doc. 28)** is **MOOT.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of July 2005.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge